JHK:JPL
F.# 2010R00068

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

JOHN DOE,

              Defendant.

- - - - - - - - - - - - - - - - -X

SEALED ORDER TO CLOSE COURTROOM
AND FILE DOCUMENTS UNDER SEAL

         Upon consideration of the joint motion of the United States of America and the defendant NAQIB JAJI, filed under seal, for an Order: to close the courtroom during the defendant's arraignment, to use the name "John Doe" in place of the defendant's true name in the case's caption, and to seal the transcripts of that proceeding and this Order;

         Having scheduled a public hearing on the motion and notified the public of the hearing by listing the date, time and location of the hearing on the Court's public calendar; and

         Having held a public hearing on the motion at which the parties and any intervenors were provided an opportunity to be heard;

         Based on the submissions of the parties, the Court makes the following findings:

         1.    There is a substantial probability that a public arraignment proceeding under the defendant's true name would

2

prejudice a compelling interest of the defendant NAQIB JAJI in his own safety and that of his family by placing the defendant and his family in danger;

2. There is a substantial probability that a public arraignment proceeding would prejudice a compelling interest of the government in the integrity of significant government activities entitled to confidentiality, including ongoing grand jury investigations of serious and violent crimes;

3. There is a substantial probability that a public arraignment proceeding would prejudice a compelling interest of the government in gathering information of potential importance to protect national security.

4. No reasonable alternatives to closure of the courtroom exist that can adequately protect the compelling interests that would be prejudiced by a public proceeding, identified above.

5. The prejudice to the compelling interests identified above overrides the public's and the media's qualified First Amendment right to access the arraignment proceedings.

Accordingly, pursuant to United States v. Alcantara, 396 F.3d 189 (2d Cir. 2005), and United States v. John Doe, 63 F.3d 121 (2d Cir. 1995),

IT IS ORDERED that the motion to close the courtroom during the defendant's arraignment, to use the name "John Doe" in place of the defendant's true name in the case's caption, and to

3

seal the transcripts of the arraignment proceeding and this Order is hereby granted;

IT IS FURTHER ORDERED that the closure of the courtroom be tailored by requiring the government, with advance notice to the defendant, to disclose the transcript as required by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), 18 U.S.C. § 3500 and/or Rule 16 of the Federal Rules of Criminal Procedure;

IT IS FURTHER ORDERED that the closure of the courtroom be tailored by requiring the government and the defendant to move this Court to unseal the transcript of the arraignment proceeding and substitute the defendant's true name for "John Doe" in the caption when the prejudice to the parties' interests no longer outweighs the public's qualified right to access; and

IT IS FURTHER ORDERED that the public docket will immediately be amended to reflect the occurrence of the hearing

4

on the motion to close the courtroom, the disposition of the motion and the fact of courtroom closure.

    SO ORDERED.

Dated:   Brooklyn, New York
           January    , 2010

                                         THE HONORABLE RAYMOND J. DEARIE
                                         UNITED STATES DISTRICT JUDGE
                                         EASTERN DISTRICT OF NEW YORK